IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SALOME CISNEROS RIVERA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | A-06-CA-609 SS |
| | § | |
| JOHN B. FOX, Warden, FCI Bastrop, | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
          UNITED STATES DISTRICT JUDGE

Before the Court are: Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed July 31, 2006 (Clerk's Doc. No. 1); Petitioner's Supplement to his Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 5) filed September 18, 2006; and Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas corpus Pursuant to 28 U.S.C. § 2241, filed October 11, 2006 (Clerk's Doc. No. 8). The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b), Rule 4 of the Rules Governing Section 2254 Cases, and Rule 1(f) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. BACKGROUND**

Petitioner Salome Cisneros Rivera ("Petitioner") is presently incarcerated at the Federal Correction Institute in Bastrop, Texas, where he is serving a 60-month sentence to be followed by a four year term of supervised release. He was sentenced for one count of conspiracy to possess with intent to distribute narcotics, one count of conspiracy to distribute marijuana, and one count of

selling, distributing, and dispensing narcotics. Petitioner's projected release date, via good time credit, is December 29, 2007.

## II. ANALYSIS

Petitioner was convicted of DUI and sentenced on July 3, 2001, by the State of Florida, to 90 days in county jail, a $3000 fine, DUI classes, vehicle impoundment, and one year's probation. While still on Florida state probation, Rivera was arrested on federal drug charges on March 23, 2002. He was sentenced to 60 months incarceration in Florida federal District Court on December 19, 2002.

Petitioner asserts that he has made several demands for speedy trial for his DUI probation revocation hearing on Leon County, Florida, two of which have been denied. The ultimate relief Petitioner is requesting is that his probation revocation in Florida run concurrently with his current federal sentence and/or that all state charges be dismissed. He argues that Florida's refusal to grant him a hearing on his state parole revocation has affected his federal classification and enrollment in the federal drug rehabilitation program. The BOP moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and alternatively failure to state a claim pursuant to Rule 12(b)(6). The BOP argues that Petitioner's claim should be dismissed because: 1) Petitioner has failed to exhaust his administrative remedies; 2) Petitioner is not entitled to a speedy trial for his Florida probation violation; and 3) Petitioner does not have a constitutional right to a one-year sentence reduction, halfway house placement, or rehabilitation program.

### A.   Standard of Review

The essence of a petition for writ of habeas corpus under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to

secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a § 2241 petition attacks the manner in which a prisoner's sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus may only be filed in the same district where the prisoner is incarcerated. *Id*. Petitioner is presently incarcerated in Bastrop, Texas. Therefore, his claims are within this Court's jurisdiction.

      **B.**      **Exhaustion of Remedies**

Petitioner requests two forms of relief: 1) "to order . . .Leon County to resolve any or all causes pending in its jurisdiction from [sic] the Petitioner," *see* Memorandum of Law in Support at 2, 3), as well as "immunity of any and all charges pending in the jurisdiction of Leon County, Florida," *see* Petitioner's Supplement at 3.

In arguing that his speedy trial rights have been violated, Petitioner is effectively seeking a pre-trial[1] petition for writ of habeas corpus through 28 U.S.C. § 2241. Pre-trial petitions for writ of habeas corpus are cognizable under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Therefore, Petitioner's

---

[1] In this case, what Petitioner is seeking is actually a pre-parole revocation writ of habeas corpus and not a pre-trial writ. Additionally, it is unclear whether the Florida Speedy Trial Act even applies to a parole revocation hearing, but for purposes of this portion of the Report and Recommendation, the Court will assume it does.

request for speedy trial relief with respect to his Florida case should be construed as a claim for pre-trial habeas relief pursuant to 28 U.S.C. § 2241(c).[2]

Pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial. *Dickerson*, 816 F.2d at 224. In order to be eligible for pre-trial habeas relief pursuant to 28 U.S.C. § 2241, a petitioner must be "in custody"[3] and must have exhausted his available state remedies. *Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224.

Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner. *Dickerson*, 816 F.2d at 225; *Greer v. St. Tammany Parish Jail*, 693 F.Supp. 502, 508 (E.D.La.1988); *see also Braden*, 410 U.S. at 489-92. The exhaustion doctrine is applied to Section 2241(c)(3) as a matter of comity and is based on federalism grounds in order to protect a state court's opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, as well as to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner.

---

[2] Section 2241(c) provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the constitution or laws or treaties of the United States."

[3] Although there is an outstanding Florida arrest warrant, no detainer has been lodged by the State of Florida. Any parole revocation is therefore merely a potentiality.

*Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). Within the context of a Section 2241 action, this exhaustion requirement is obviated only if "special circumstances" exist. *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489); *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1975).

In this case, Petitioner has failed to exhaust his state court remedies as he has failed to appeal any state court ruling in Florida regarding his parole revocation proceeding. Moreover, he has failed to assert any "special circumstances" obviating the exhaustion requirement. Therefore, in the interest of comity, Petitioner's habeas claims based upon violations of any Florida speedy trial act, must be dismissed.

> **C.    Claimed Effects on Federal Incarceration**

With regard to Petitioner's claim that Florida's refusal to grant him a hearing on his state parole revocation has affected his federal classification and enrollment in the federal drug rehabilitation program, the Court finds this claim also fails. Petitioner does not have a constitutional right to a one-year sentence reduction, halfway house placement, or to enrollment in a drug rehabilitation program.

To prevail, a habeas corpus petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The law is well settled that a prisoner has no constitutional right to participate in an educational or rehabilitative program. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) ("Prisoner classification and eligibility for rehabilitation programs . . . are not directly subject to 'due process' protections.") Additionally, in *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court upheld the BOP's discretionary decision to exclude certain inmates from eligibility for early release after successful completion of a drug treatment program under 18 U.S.C.

§ 3621(e)(2)(B). Since the BOP may exercise its discretion[4] in determining that Petitioner is excluded from a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B), Petitioner has no "right" to this reduction. Similarly, there is no constitutionally protected right to halfway house placement pursuant to § 3624(c) during the last ten percent of a prisoner's term of imprisonment. *See Prows v. Fed. Bur. of Prisons*, 981 F.2d 466, 469-70 (10th Cir. 1992); *see also United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society."). Absent a showing of a violation of Petitioner's constitutional rights, federal habeas corpus relief is not warranted.

### III.  RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **DISMISS** Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Clerk's Doc. No. 1) **WITHOUT PREJUDICE** as to his premature speedy trial act claims, and **WITH PREJUDICE** as to any claims regarding his federal classification.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

---

[4]Notably, Petitioner states, "the failure or further delay in the resolution . . .would subject to disqualify Petitioner from his 500-hour drug program that was recommended by the federal judge in his federal case. In consequence, Petitioner would most likely lose his one-year drug program credit and jeopardize his 10% halfway house credit as well."

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of November, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE